**Robert S. ANDERSON, Appellant,**

**v.**

**GROUP HOSPITALIZATION, INC., and Medical Service of the District of Columbia, a corporation, Appellees.**

**No. 3458.**

District of Columbia Court of Appeals.

Argued June 18, 1964.

Decided Sept. 25, 1964.

Jacob Sheeskin, Washington, D. C., for appellant.

Jo V. Morgan, Jr., Washington, D. C., for appellee Group Hospitalization, Inc.

Warren E. Magee, Washington, D. C., for appellee Medical Service of the District of Columbia.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

On October 29, 1962, appellant was a paid-up subscriber to a Standard Hospital Service policy issued by appellee Group Hospitalization, Inc., and a Surgical-Medical Policy issued by appellee Medical Service of the District of Columbia. He also had a paid-up policy with Group Health of the District of Columbia, as well as a third medical insurance policy. On that date he entered the hospital for surgical repair of a hernia, remaining for about one week. Except for $75.00 paid by Group Hospitalization,[1] the hospital expenses, totaling $331.00, and doctor's bills were paid by Group Health. Appellant made claim against both appellees for these expenses by going to their offices personally, but he never executed claim forms for that purpose. When they refused his oral demands for payment, appellant filed suit on January 28, 1963, for breach of contract against both organizations claiming he was entitled to recover *directly* $331.00 as benefits under the policy with Group Hospitalization and $175.00 from Medical Service for his sur-

---

1. The $75.00 was paid in response to a written claim from The George Washington University Hospital. No claim was ever received by Medical Service from the operating surgeon for his services.

geon's bill. Both appellees denied any obligation under the terms of their contracts with appellant to provide the benefits as sought in the suit. After a hearing, the trial judge ruled that since the hospital and surgical costs had been fully paid, nothing was required of appellees under their contracts. From a judgment on the trial findings in favor of appellees, this appeal was taken.

Appellant contends that under a hospital service certificate and a surgical-medical certificate, an insurance company is required to pay the value of these services *directly* to the insured, even though these same expenses have been paid by another source.

Insurance involves a contract whereby, for an adequate consideration, the insurer undertakes to indemnify the insured against loss arising from specified contingencies or perils. Fundamentally, it is contractual security against possible anticipated loss. Epmeier v. United States, 199 F.2d 508, 509, 510 (7th Cir. 1952). Health insurance is an undertaking to indemnify another for losses caused by illness. Haynes v. United States, 353 U.S. 81, 83, 77 S.Ct. 649, 1 L.Ed.2d 671 (1957).

In United States v. St. Paul Mercury Indemnity Co., 238 F.2d 594 (8th Cir. 1956), a veteran was admitted to a government hospital for treatment of poliomyelitis. At the time of his admission, he was a paid-up subscriber to a "poliomyelitis expense policy" under which the insurer agreed to pay, in the event of poliomyelitis, for "expenses actually incurred" by him in required hospital and medical care. Since he had no obligation to pay for treatment at the Veterans' Hospital, the court ruled that the value of the services was not recoverable by the insured under the policy. See also Drearr v. Connecticut General Life Insurance Co., La.App., 119 So.2d 149, 153 (1960); Scheinberg v. United Medical Service, Inc., 42 Misc.2d 125, 246 N.Y.S.2d 512, 525, 526 (1964).

Appellees contracted with appellant to provide him with certain hospital, medical and surgical services. The certificate of insurance with Group Hospitalization, Inc., shows on its face that it is a standard hospital service contract. Its terms unmistakenly substantiate that it is a contract to *provide hospital services.* Similarly, the certificate of insurance with Medical Service of the District of Columbia clearly shows that it is intended to be a contract to provide *services, e. g.,* it is set forth under "Benefits" that "the Corporation will compensate Participating or Cooperating Physicians for the services" rendered pursuant to the contract's terms and conditions. A reasonable reading of these contracts can lead to only one conclusion— that payment for services rendered thereunder is not to be made to the insured directly under either policy. There is no provision in these contracts which permits the insured to pay the needed hospital and medical expenses himself or from other sources and then collect the same expenses from the appellees. We are well aware that in the field of insurance law ambiguities in a policy must be resolved against an insurer, but such legal principle does not apply where, as here, no ambiguity exists.

Appellant also complains that he has needlessly paid premiums on more than one policy if he is not allowed to recover here. The short answer is that it was his election to try to secure double coverage or indemnity through *provision of services* as required for his possible future medical and surgical needs. We find no valid grounds upon which to relieve him from contract provisions to which he has voluntarily agreed merely because they operate to his disadvantage under the circumstances of the present claims. Stinson v. New York Life Ins. Co., 83 U.S.App.D.C. 115, 117, 167 F.2d 233, 235 (1948).

In this case, after Group Health paid the hospital and medical expenses and after Group Hospitalization had paid the

$75.00 claim submitted by the hospital, appellant suffered no compensable loss as a result of his confinement. Nothing remained in the form of hospital, medical or surgical services *to be provided* under the policies here involved, which are contracts of indemnity. If no loss has been sustained by appellant, then there is no basis for indemnity. Washington Nat. Ins. Co. v. Fincher, Tex.Civ.App., 157 S.W.2d 164 (1941); Neck v. Reliance Industrial Ins. Co., La.App., 159 So. 449, 452 (1935).

Affirmed.