**Barbara B. CASS and Dorothy B. Hunter, Plaintiffs,**

v.

**Joseph L. BROWN, Defendant and Third-Party Plaintiff,**

v.

**The FIRST NATIONAL BANK OF DENVER, Third-Party Defendant.**

Civ. A. 66–C–33.

United States District Court
D. Colorado.

Oct. 27, 1966.

Fred M. Winner, Denver, Colo., for plaintiffs.

Samuel J. Eaton, Denver, Colo., for defendant and third-party plaintiff.

Raymond B. Danks, Denver, Colo., for third-party defendant.

## MEMORANDUM OPINION AND ORDER

ARRAJ, Chief Judge.

At the pre-trial conference in this action the third party defendant, The First National Bank of Denver, questioned the Court's jurisdiction over the claims asserted by defendant Brown in his third party complaint. The Court requested the parties to submit memoranda on the issue. The matter will be treated as if it had been presented by a motion to vacate the Court's order of April 15, 1966, which permitted the filing of a third party complaint and service of summons upon The First National Bank.

Having examined the pleadings and memoranda submitted, and being fully advised in the premises, the Court concludes that it lacks jurisdiction over the claims asserted in the third party complaint.

The original complaint seeks to remove defendant Joseph L. Brown from the position of co-trustee of a trust of which the plaintiffs and defendant Brown himself are beneficiaries. Defendant was granted leave by the Court to implead his co-trustee, The First National Bank of Denver, alleging in his third party complaint that the Bank has violated the terms of the trust in various particulars. His complaint prays for removal of the Bank as co-trustee, for an accounting of various "fees, charges and profits" it has received, for a removal of

some of the agents and employees of the Bank as directors of Thompson Pipe and Steel Company, and for damages in the amount of $250,000.

Rule 14(a) of the Federal Rules of Civil Procedure authorizes a defendant, as a third party plaintiff, to bring in a third person, not a party to the action, "who is or may be liable to him for all or part of the plaintiff's claim against him." The granting or denial of impleader is a matter resting solely within the sound discretion of the trial court. United States v. Acord, 209 F.2d 709 (10th Cir. 1954), cert. den., 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1115. The purpose of this rule is the desirable one of preventing a multiplicity of actions arising out of the same basic claim. At the same time, however, the Rule is not intended to operate as a "device for bringing into an action any controversy which may have some relationship to it." Geborek v. Briggs Transportation Co., 139 F.Supp. 7, 10 (N.D.Ill.E.D.1956).

Rather than being a vehicle for the presentation of entirely separate claims, Rule 14 operates only in the case where the original defendant is seeking to invoke the *secondary* liability of a third party in the event that he is held liable himself. National Fire Ins. Co. of Hartford v. Daniel J. Keating Co., 35 F.R.D. 137 (W.D.Pa.1964); United States v. Scott, 18 F.R.D. 324 (S.D.N.Y. 1955); 1A Barron & Holtzoff, Federal Practice & Procedure § 426, p. 681 (Wright ed. 1960); 3 Moore, Federal Practice ¶ 14.07, p. 512 (2d ed. 1964); Holtzoff, "Entry of Additional Parties in a Civil Action", 31 F.R.D. 101 (1962).

It appears that in the present case defendant Brown is not seeking to bring in one who may be secondarily liable in the event of his own liability, but rather is attempting to cast the sole blame upon the third party defendant.

As defendant himself expresses it: "the original Defendant states that the relief prayed for is not his liability but is the liability of his Co-Trustee." This is not the kind of situation in which Rule 14 authorizes the impleading of a third party:

Some proposed third-party complaints allege that the defendant is not liable to the plaintiff, but that if anyone is, it is the third-party defendant. Obviously, a third-party complaint does not lie under such circumstances. Such facts may be shown by the original defendant under his general denial. A third-party complaint may be maintained only in cases in which the third-party defendant would be liable secondarily to the original defendant in the event that the latter is held liable to the plaintiff. Holtzoff, supra, 31 F.R.D. at 106.

It is difficult to imagine how a third party could be "liable" for all or a part of the plaintiff's claim against the defendant, when the only relief sought by the plaintiff in the original complaint is a removal of the defendant as trustee. In fact, the defendant in the case at bar, as third party plaintiff, prays for several different and independent forms of relief, rather than seeking indemnity, and alleges facts the determination of which would certainly be beyond the scope of the original complaint.

The Court is of the opinion that Rule 14 does not permit the impleader of The First National Bank of Denver as a third party defendant in this case. It is therefore

Ordered that the Order of the Court dated April 15, 1966 granting leave to defendant Joseph L. Brown to file a third party complaint and serve summons upon The First National Bank of Denver be, and hereby is, vacated and set aside.