### State of Vermont v. William G. Cyr

[365 A.2d 969]

No. 256-76

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed October 4, 1976.

*Michael J. Sheehan,* Windsor County State's Attorney, White River Junction, for Plaintiff.

*Peter F. Welch,* Public Defender, White River Junction, for Defendant.

**Per Curiam.** This is a bail appeal prior to trial under the provisions of 13 V.S.A. § 7556(b) and V.R.A.P. 9(a). Although the case before the lower court involving the defendant was Docket No. 1244-76 WrCr, the ultimate order also made disposition of bail relative to another case, Docket No. 921-76 WrCr, also involving this defendant.

This disposition of 921-76 WrCr was in the form of an order of arrest and confinement pending hearing on revocation of bail or imposition of conditions of release. The arrest and confinement effectively revoked bail even before the issue was heard, and ran counter to the previous order releasing the defendant on his own recognizance, made by Acting Judge Alfred Guarino in this very case. No showing occurred that the defendant would refuse to honor the commitment of his recognizance to appear when ordered, and the findings below state that "the respondent would probably appear for court proceedings if released on his own recognizance or on some bail or appearance bond". The precipitous ordering of arrest in these circumstances cannot be supported.

The order in 1244-76 WrCr strikes the bail bond and is, by its language, now applicable only in case of a nolle prosequi, dismissal, or acquittal in 921-76 WrCr. Since this leaves the defendant without a bail order in 1244-76 WrCr, to which he is entitled under chapter II, section 40 of the Ver-

mont Constitution, this Court will act to set bail. In view of the finding that the defendant will probably appear, that bail order will require that the defendant be released on his own recognizance, as required by 13 V.S.A. § 7554.

It is clear from the findings that the lower court was disturbed about criminal activity by the defendant while he was on bail. Although this is legitimately a matter for concern, it cannot properly be reached by reference to "implied" release conditions. Due process standards, as incorporated in 13 V.S.A. § 7554(c), relating to loss of liberty require adequate notice and appropriate specificity.

It is also clear, as indicated by *State* v. *Pray*, 133 Vt. 537, 541–42, 346 A.2d 227 (1975), that bail cannot be used solely as a device for protecting the public. To so use it is a violation of chapter II, section 40 of the Vermont Constitution. The appropriateness of any conditions of release, even though made in accordance with the requirements of 13 V.S.A. § 7554, must also meet that constitutional call.

The present order in 1244-76 WrCr relating to conditions of release is specifically made dependent upon circumstances not now existing, and which may never exist. The factual circumstances and its proposed implementation cannot now be known, nor effectively considered. Since it simultaneously failed to deal with the defendant's present right to bail, it will be stricken.

*The order of September 2, 1976, relating to Docket Nos. 921-76 WrCr and 1244-76 WrCr and the associated arrest warrant are stricken as inconsistent with the findings of fact and unsupported at law.*

*In 921-76 WrCr, the defendant is to stand released on his own recognizance as heretofore ordered by Acting Judge Alfred Guarino.*

*In 1244-76 WrCr, the defendant is ordered released on his own recognizance, consistent with the findings of fact made below.*