### State of Vermont v. Theodore L. Brown

[396 A.2d 134]

No. 313-78

Present: **Billings, J.**

Opinion Filed November 16, 1978

562

*John A. Rocray*, Windham County State's Attorney, Brattleboro, for Plaintiff.

*James L. Morse*, Defender General, *William A. Nelson*, Appellate Defender, and *Steven Dunham*, Law Clerk, Montpelier, for Defendant.

**Billings, J.** This is an appeal from a revocation of bail and from a partial denial of reduction of bail. On October 2, 1978, respondent-appellant was charged by two informations. The first contained two counts and charged the respondent with receiving, and with aiding in the concealment of, stolen property, 13 V.S.A. § 2561, and with possession of marijuana in excess of two ounces with intent to sell, 18 V.S.A. § 4224. The second information charged the respondent with possession of a wild deer taken in closed season, 10 V.S.A. § 4781. Upon arraignment the trial court, acting as judicial officer, released the respondent without monetary bail, but imposed certain conditions pursuant to 13 V.S.A. § 7554. The condition challenged here was as follows:

> 3. Defendant shall not be the subject of a new charge of a felony or a crime against a person or a like offense to the offense charged for which, after hearing, probable cause is found.

On October 18, 1978, the respondent-appellant was arraigned on three additional informations. Two informations charged receipt of stolen property, 13 V.S.A. § 2561, and one

information charged driving while license suspended, third offense, 23 V.S.A. § 674. Bail was set at $15,000 surety or cash on each of the receiving charges and $1,000 surety or cash on the motor vehicle violation.

On October 19, 1978, hearing was held on respondent-appellant's request for review of bail in connection with the receiving charges. The respondent did not contest the bail on the motor vehicle charge. Hearing was also held on the State's "Motion for Show Cause Order" why the defendant should not be found in violation of the conditions of release imposed in connection with the arraignment of October 2, 1978.

The trial court, after giving respondent an opportunity to contest the prior ex parte probable cause finding on the charges brought October 18, 1978, revoked and terminated bail on the original charges and ordered the respondent incarcerated without bail. On respondent's request for review of bail on the October 18 charges, the trial court reduced bail to $7,500 surety or cash in each case.

Respondent now appeals pursuant to 13 V.S.A. § 7556(b), claiming that it was error for the trial court to impose the condition that the respondent "not be the subject of a new charge of a felony . . . for which, after hearing, probable cause is found"; that revocation of bail for breach of such condition in any case was based on a nonadversary determination of probable cause in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution; that the trial court erred in failing to impose the least restrictive conditions necessary to secure respondent's appearance; and finally, that the bail imposed on the charges brought on October 18, 1978, was excessive.

Vermont's bail statute applicable to noncapital cases, 13 V.S.A. § 7554, provides for release prior to trial on a variety of conditions. In the ordinary case, the judicial officer before whom the defendant appears must order the defendant released on his personal recognizance or upon execution of an unsecured appearance bond. Where, however, the judicial officer determines in the exercise of his discretion that such a release either would not reasonably assure the defendant's appearance at trial, or would constitute a danger to the public, more restrictive conditions must be imposed.

*State* v. *Pray*, 133 Vt. 537, 346 A.2d 227 (1975) held that bail may not be entirely denied a defendant, consistent with the Vermont Constitution, on grounds that his release would constitute a danger to the public. In that case, the action of two trial courts in denying bail altogether upon findings that release would constitute a danger to the public resulted in reversal. The bail statute was construed as not authorizing preventive detention or punishment in advance of trial, thus meeting constitutional strictures.

This rule was affirmed in *State* v. *Cyr*, 134 Vt. 460, 365 A.2d 969 (1976), where it was said that "bail cannot be used solely as a device for protecting the public." *Id.* at 462, 365 A.2d at 971. The rule was approved recently in *State* v. *Mecier*, 136 Vt. 336, 338 A.2d 435 (1978), where *State* v. *Pray, supra,* was read as holding that "a defendant cannot be entirely denied bail on the ground that his release would constitute a danger to the public." *Id.* at 338, 388 A.2d at 437.

■ Appellant now claims that a judicial officer is without power to impose a condition of release solely to protect the public, and that the condition in issue here was so imposed. In light of our rejection of appellant's legal premise, we need not reach the question of whether the condition was in fact imposed solely for the public's protection.

■ There is an obvious conflict between a defendant's right to bail under chapter II, section 40 of the Vermont Constitution and the interest of society in having apparently dangerous persons restrained. *State* v. *Mecier, supra,* 136 Vt. at 338, 388 A.2d at 437. The Legislature sought to address that conflict in 13 V.S.A. § 7554. Where there is no finding that the defendant presents a danger (and no finding that minimal conditions will not adequately assure appearance), the judicial officer must release the defendant with no restraints other than his promise to return, either with or without the additional guarantee of an unsecured bond. Where there is such a finding, however, conditions restraining defendant's liberty to a degree must be imposed. Our cases hold only that bail may not be denied on the sole ground that defendant's release would endanger the public. To hold that bail cannot be granted on a condition designed to protect the

public would render the scheme of 13 V.S.A. § 7554 largely meaningless, while the Court took pains in *State* v. *Pray, supra,* to preserve the statute. To so hold would extend considerably the rule announced in that case, which involved a denial of bail, and would go beyond the decisions announced since that case, which were carefully limited to the entire denial of bail, *State* v. *Mecier, supra,* and to the use of the bail statute solely as a device for protecting the public, *State* v. *Cyr, supra.* We hold that the imposition of the condition here in issue in connection with defendant's release pending trial presents no error as there was no denial of bail.

The subsequent revocation of bail for breach of that condition also presents no error. *State* v. *Mecier, supra,* holds that a revocation of bail cannot be justified on the ground that it is necessary to protect the public. The opinion points out, however, that although *State* v. *Pray, supra,* altered 13 V.S.A. § 7554 to the extent of removing the anticipatory test of danger to the public as a justification for refusing bail, the other factors a court may take into consideration in making a bail decision remain unaltered. *State* v. *Mecier, supra,* 136 Vt. at 338, 388 A.2d at 437. These factors include the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's character and mental condition, his record of convictions, and his record of flight to avoid prosecution or failure to appear at court proceedings.

Appellant asserts that the judicial officer's revocation of bail was intended solely to protect the public. He relies on the following conclusion of law in the order revoking bail:

> Based on the preceding findings, the Court concludes it can release a person on non-monetary conditions of release where the judicial officer determines that the release of the defendant will constitute a danger to the public. [Citations omitted.]

Appellant's reading is incorrect. This conclusion refers not to the propriety of revoking bail, but rather to the propriety of imposing the condition in the first place, a point we have already decided adversely to appellant's claim of error.

██ The judicial officer based his revocation of bail on his conclusion of law that, "In the event a person is found in violation of conditions of release, that person may be held at a correctional center without bail," and on his conclusion that the defendant was in violation of the condition here in issue. The judicial officer cited *State* v. *Churchill*, 133 Vt. 338, 341 A.2d 22 (1975) in support of his conclusion of law, a case admittedly decided before *State* v. *Pray, supra.* Appellant urges that *Churchill* must be reinterpreted in the light of the later case to permit revocation of bail only for breach of a condition designed to assure the accused's appearance at trial. We decline to adopt such a narrow reading of *Churchill.*

There are a number of reasons why the breach of a condition imposed for other reasons might bear convincingly on the issue of an accused's likelihood of returning to face trial. The multiplication of charges against the accused and the mounting of evidence against him might make a defendant's appearance less likely. The violations charged upon probable cause might well be probative of a lack of regard for the statutes of the state or the orders of the court.

██ The record before the judicial officer disclosed that the defendant had pending against him four felonies and two misdemeanors carrying a total possible prison term in excess of thirty-five years, that he had been convicted of six criminal offenses in Vermont, including the felony of aggravated assault, that he had been convicted of a felony sale of drugs, escape from a county jail, and escape from the custody of an officer in New Hampshire, and that he had failed to appear for motor vehicle violations in Vermont on five different occasions since October 2, 1972. Given these circumstances, we find no error in the judicial officer's revocation of bail upon a finding that the defendant had violated his condition of release.

██ The condition here at issue, however, cannot be the cause of revocation of bail on an ex parte determination of probable cause on a subsequent offense without opportunity to contest. Defendant must be accorded his due process rights to notice and an opportunity to be heard to contest the finding of probable cause. *State* v. *Knight*, 135 Vt. 453, 380 A.2d 61 (1977). The record here shows that this was one of the pri-

mary purposes of the hearing held on October 19, 1978. The district judge made this explicit by saying, "This hearing is an opportunity to be heard relative to probable cause." At that time the respondent failed to raise the issue anew or to contest the prior finding of probable cause. No error appears.

██ Breach of a condition of release does not inevitably require revocation, but may instead lead to imposition of more restrictive conditions. *State v. Mecier, supra.* This is a discretionary decision with the judicial officer, and where, as here, the record showed that the respondent on five prior occasions failed to appear in court when ordered, that the respondent had pending five informations against him, and that the respondent had escaped from custody on a prior occasion, we cannot say that the judicial officer abused his discretion in revoking bail and in not imposing less restrictive conditions.

Likewise, based on the record before us, we are unable to say that the judicial officer abused his discretion or that the total of $15,000 surety or cash bail on the receiving charges is excessive as a matter of law.

*The order terminating bail and setting bail is affirmed.*