## Commonwealth v. Ramsey

*Oliver E. Mattas, Jr., District Attorney,* for Commonwealth.

*John Woodcock, Jr., Chief Public Defender,* for defendant.

BRUMBAUGH, *J.,* June 5, 1981—Before us for disposition is a petition for revocation of bail heretofore posted by defendant in three criminal actions pending against him. The Commonwealth's basis

for seeking revocation is that two[1] additional criminal charges have subsequently been instituted against defendant for incidents allegedly occurring since the posting of bail on the initial three prosecutions.

The District Attorney argues that these later charges constitute violations of the bail pieces in the initial prosecutions, all of which contain, inter alia, the following condition: "Defendant will conduct himself . . . as a peaceable and law abiding citizen during the effective period of the Bond." Defendant having entered pleas of not guilty to all of the charges and the Commonwealth having introduced no evidence at hearing on the rule to show cause other than an oral stipulation as to the record of these outstanding charges, this argument must fail.

There can be no doubt that the above-quoted provision is a reasonable and valid condition of a bail bond. See Pa.R.Crim.P. 4013(d) and (e). It is consistent with and promotive of the general objective of bail. ". . . [T]he primary purpose of bail is to ensure the defendant's presence at court . . . When one free on bail commits other crimes, the pressure to flee the court's jurisdiction and fail to appear when summoned is apt to increase. Thus, bail may also be conditioned on the continuing good behavior of the accused." Mello v. Superior Court, 117

---

1. The petition recites but one subsequent incident, giving rise to Criminal Action no. 210 of 1980 (aggravated assault and related charges), but at hearing the Commonwealth moved for amendment to include the incident giving rise to criminal action no. 204 of 1981 (prohibited offensive weapon charge). We refused to allow this supplementation on the ground that defense counsel had just been appointed several weeks before hearing and therefore lack of time and notice could be prejudicial to defendant.

R.I. 578, 582, 370 A. 2d 1262, 1264 (1977). Restated, such a condition is designed "to combat the pressure to flee the court's jurisdiction that inevitably builds as the accused increases the number of possible convictions to which he is subject." Bridges v. Superior Court, _____ R.I. _____, _____, 396 A. 2d 97, 99 (1978). "The multiplication of charges against the accused . . . might make a defendant's appearance less likely." State of Vermont v. Brown, 136 Vt. 561, 567, 396 A. 2d 134, 137 (1978).

Demonstrating a violation of the condition at a bail revocation hearing is, however, quite another matter. The mere fact that one is accused of a crime is absolutely no evidence whatsoever of his guilt. To permit a criminal charge itself to work a forfeiture of freedom and effect per se a revocation of bail is so foreign to our concepts of due process of law as to require no further comment.[2] While we have found no Pennsylvania case discussing the degree of proof which the prosecution must meet to show a violation of the so-called "good behavior" proviso of bail bonds, our Supreme Court sheds some light on the problem by holding that, owing in part to the presumption of innocence to which an accused is entitled, "anticipated criminal activity alone cannot stand as a grounds for the denial of bail." Com. v. Truesdale, 449 Pa. 325, 339, 296 A. 2d 829, 836 (1972). By analogy, therefore, suspected criminal activity alone cannot stand as a ground for the revocation of bail. The mere fact that a defendant is bound over for trial after magisterial hearing is, in our opinion, insufficient proof of his non-compliance with a "good behavior" condition of

---

2. The sole exception to this principle is capital offenses, which are nonbailable. See Pa. Const., Art. 1, §14.

bail such as is before us in the instant matter.[3] Cf. State v. Brown, supra.

Since in most instances pretrial posting of bail is a matter of constitutional right, while a post-trial grant of parole is a matter of privilege, administrative discretion or legislative grace (Bachman v. Jeffes, 488 F. Supp. 107 (M.D. Pa. 1980)), safeguards should be afforded a defendant who is in jeopardy of revocation of his bail similar to those provided a parolee facing potential parole revocation where the asserted breach of condition is commission of a crime.

With regard to parole revocations a two-tier approach was judicially established nine years ago involving, first, an initial hearing to determine whether there is "probable cause" to believe a parole violation was committed and, if so, a second or final hearing on the ultimate question whether revocation should be ordered. "This [second] hearing must be the basis for more than determining probable cause; it must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation." Morrissey v. Brewer, 408 U.S. 471, 488, 92 S.Ct. 2593, 33 L.Ed. 2d 484 (1972). This two-step procedure, now commonly referred to as Gagnon I and Gagnon II hearings, was thereafter extended to apply to probation revocation proceedings. See Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed. 2d 656 (1973). "When the probation or parole violation is based on the commission of a crime, a preliminary hearing may substitute for a Gagnon I hearing." Com. v. Del Conte, 277 Pa. Superior Ct.

---

3. The transcript of the issuing authority, District Magistrate Jones, shows his disposition of "held for court" after preliminary hearing to criminal action no. 210 of 1980.

296, 298, fn. 2, 419 A. 2d 780, 781, fn. 2 (1980). To base an order of revocation on the mere prima facie holding of a magistrate, however, would be to deprive a defendant of the due process intendment of the second, more complete and comprehensive hearing. See Com. v. Davis, 234 Pa. Superior Ct. 31, 336 A. 2d 616 (1975); Pa.R.Crim.P. 1409.

The burden to be met by the Commonwealth at parole or probation revocation (final or Gagnon II) hearings is to present facts which are "probative and reliable" (Com. v. Quinlan, 488 Pa. 255, 259, 412 A. 2d 494, 496 (1980)), and the standard of proof required to show a violation of either is a preponderance of the evidence (Com. v. Del Conte, supra). No sound reason appears to us to require any lesser standard at show cause bail revocation hearings.

Just as the determination of the ultimate authority in parole or probation revocation cases must be separate and apart from and go beyond the finding of the initial or preliminary hearing officer, so too should the court's determination in bail revocation matters be grounded upon evidence other than the finding of the district justice who conducted the preliminary hearing. The court must make its own independent evidentiary assessment and evaluation; any other view would effectively eliminate the two-tier protective concept. If the purpose of a show cause bail revocation hearing is limited to rubber-stamping a magisterial decision in this regard it serves no distinct or useful function.[4]

---

4. This comment is not intended to preclude revocation based upon trial for and conviction of a summary offense by a magistrate, whether such verdict is final or has been appealed. See Pa.R.Crim.P. 63.

Certainly this two-tier requirement is not meaningless procedural duplication. First, while revocation hearings may not necessitate evidentiary observances as strict as those mandated for criminal trials, they do evoke greater adherence to the formal rules of evidence than should be expected of most district magistrates.[5] It is "impractical and unfair to require lay judges to apply technical rules of evidence at preliminary hearings." Com. v. Banks, 96 Dauph. 189, 193 (1973). And secondly, the standard of proof imposed upon the Commonwealth is higher at the second level. The prosecution need only produce evidence at preliminary hearing sufficient "'to prevent the detention of a person for a crime . . . with which there is no evidence of his connection'" or conversely, to show that the accused "may have been involved" (Com. v. Rick, 244 Pa. Superior Ct. 33, 36, 366 A. 2d 302, 303-304 (1976)); on the other hand, to revoke bail we will require a heavier burden, namely, the introduction of evidence which preponderates in demonstrating defendant's commission of the alleged crime.

We consequently hold that, in order to obtain a decree or declaration of bail revocation for violation of a "good behavior" condition based upon subsequent criminal conduct, the Commonwealth must produce at the show cause hearing either (a) proof that defendant has been convicted thereof after trial, (b) proof that defendant has entered a plea of guilty thereto, or (c) proof by a preponderance of the evidence that defendant committed the alleged criminal offense.

5. No magistrate in this 24th Judicial District is an attorney or holds a law school degree to our knowledge.

We do not necessarily limit the conduct which may remove a defendant on bail from a classification of "peaceable and law abiding citizen" to that of a strictly criminal nature, but whatever the asserted offending behavior may be, the Commonwealth bears the same onus—proof by a preponderance of the evidence.

Accordingly we enter the following

## ORDER

And now, June 5, 1981 it is ordered, adjudged and decreed that the request of the Commonwealth for revocation of the bail of defendant Steven Grant Ramsey be and the same is hereby denied and refused.