## In re LAMAR.

(District Court, D. New Jersey. January 5, 1924.)

**Bail ⊕=42—Defendant, who has once forfeited bail, will not again be admitted to bail in same or collateral cause.**

A defendant in a criminal case, who has once fled the jurisdiction while under bail, will not again be admitted to bail in the same or a collateral cause.

Habeas Corpus. In the matter of David Lamar, petitioner. On application to admit to bail. Denied.

John W. McGeehan, Jr., of Newark, N. J., for petitioner.

Philip Forman, Asst. U. S. Atty., of Trenton, N. J., for the United States.

RELLSTAB, District Judge. This court, on November 26, 1923, on habeas corpus, ordered that David Lamar be discharged from his confinement in the Essex County Penitentiary, and that he be taken before the United States District Court for the Southern District of New York for correction of the sentence by it imposed upon him, so far as it related to the place of his confinement. From that order Lamar thereupon took an appeal to the Circuit Court of Appeals of this circuit, and now applies to be admitted to bail pending such appeal.

Lamar's incarceration in the pentitentiary, referred to, was to carry out the judgment thus pronounced against him upon his conviction of a violation of the federal Anti-Trust Act (Comp. St. §§ 8820–8823, 8827–8830). Upon the rendition of such judgment, Lamar prosecuted a writ of habeas corpus to test its legality, and after the writ was dismissed by the court which issued it he took an appeal to the Supreme Court of the United States. Pending such appeal he was admitted to bail by the court of first instance in the sum of $25,000. On January 29, 1923, the Supreme Court dismissed his appeal. Whereupon Lamar fled this country, and on February 7, 1923, the bail referred to was forfeited. Some months thereafter he was apprehended, resentenced, and committed to his present place of confinement, from whence, as heretofore noted, he has been ordered discharged.

The United States statutes with regard to admitting to bail in criminal proceedings are based upon the idea that a person accused of crime shall be admitted to bail until adjudged guilty by the court last resorted

⊕=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to by him. However, this right is not absolute under all circumstances, and may be forfeited. While one who once flees the jurisdiction of the court while under bail is not for that reason to be forever barred from being admitted to bail on another and different accusation of crime, public policy forbids that he be again admitted to bail in the same cause.

Though the proceedings before this court are collateral to those from which Lamar took his flight, yet they are but an outgrowth thereof. Lamar having, in the earlier stages of the proceedings resulting in the incarceration here tested by habeas corpus, violated his expressed obligation to appear and abide the judgment of the court admitting him to bail, he will not be given another opportunity to abuse the like obligation.

The application for bail is therefore denied.