# State of Vermont v. Bernard Woodmansee

[298 A.2d 814]

No. 205-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed December 14, 1972

*Patrick J. Leahy*, State's Attorney, for the State.

*James L. Morse*, Public Defender, for Defendant.

**Per Curiam.** Respondent was arraigned before the District Court of Vermont, Unit No. 2, on August 19, 1972, charged with being an accessory after the commission of a felony; namely, first degree murder, a violation of 13 V.S.A. § 5. The court fixed cash bail at $50,000.

On November 8, 1972, respondent moved to amend the condition of his release prior to trial by permitting the execution of an appearance bond in the amount of the bail to be secured by collateral in the form of property, real and/or personal.

On November 17, 1972, a motion was filed by the state's attorney to amend the information to include the allegation that the respondent had threatened the life of an eyewitness to the alleged murder for the purpose of keeping her from telling the truth concerning the murder. The proposed amend-

ment was supported by an affidavit of the eyewitness to the above effect. The amendment was granted by the court.

On November 22, 1972, a hearing was held by the court below on the motion to change the terms of the bail. The following findings and order followed on December 8, 1972:

"1. That the respondent is specifically charged with being an accessory to the crime of 1st degree murder by threatening the life of an eye witness to said murder;

2. That the respondent has four prior felony convictions in the State of Vermont;

3. That the release of Mr. Woodmansee might constitute a danger to the person alleged to be an eye witness to said 1st Degree Murder;

4. That the Vermont bail statutes do not require release without bail if the release of a respondent will constitute danger to the public;

The Court further finds based upon the ruling of Justice William O. Douglas in the case of *Carbo* v. *United States,* 82 Supreme Court 662, that the court may, in the extreme or unusual case, justify denial of bail, and now therefore, the respondent's motion for change of bail of Fifty Thousand Dollars ($50,000) is denied."

The respondent has appealed to this Court from the denial of his motion to amend the bail conditions of pre-trial release pursuant to 13 V.S.A. § 7554a(b).

A hearing was held by this Court on December 8, 1972, at which time the respondent was represented by James L. Morse, Public Defender, Chittenden County. The state was represented by Patrick J. Leahy, State's Attorney of said county.

Upon consideration of representations of counsel made at the hearing, and a review of the record and proceedings had below, it is herein and hereby determined that the order of December 8, 1972, fixing bail in the amount of $50,000. should not be disturbed.

In view of 13 V.S.A. § 7553a(a) (4) the cause is remanded to the district court with directions to amend the order by permitting that bail may be furnished in the above amount by the execution of a bail bond with sufficient solvent sureties,

or the deposit of cash in lieu thereof, all in accordance with 13 V.S.A. § 7553a(a)(4).

*Cause remanded.*