## State of Vermont v. Michael Churchill

[341 A.2d 22]

No. 122-75

Present: **Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.**

Opinion Filed June 2, 1975

*Michael Sheehan, Esq.,* Windsor County State's Attorney, White River Junction, for the State.

*N. Lawrence Niles, Esq.*, of *Niles, Johnson & Gibbs*, Woodstock, (Assigned), for Defendant.

**Barney, C.J.** Defendant Michael Churchill was brought before the District Court of Vermont, Unit No. 6, Windsor Circuit, on March 24, 1975, for a prearraignment hearing pursuant to V.R.Cr.P. 5 to answer charges of breaking and entering in the nighttime with intent to commit aggravated assault and larceny in violation of 13 V.S.A. § 1203, and charges of attempting to commit serious bodily injury in violation of 13 V.S.A. § 1024(a). At the hearing, six conditions of release were imposed on the defendant by the court, one of which was a requirement that he report three designated days a week to his probation officer.

On May 2, 1975, defendant appeared in district court again for another prearraignment hearing to answer three more informations involving two counts of breaking and entering, one count of grand larceny and one of petty larceny, and two counts of malicious destruction of property all arising out of defendant's alleged activities on April 27, 1975. The court took note of defendant's prior record, his probation, and the current charges, and found defendant to be a danger to the public and ordered him to the correctional center without bail.

On May 5, 1975, an arrest warrant was issued against defendant for violation of his March 24 conditions of release, and a hearing was set for May 9 on this matter. Counsel for defendant had meanwhile filed a motion to review the May 2 denial of bail and, on May 6, a hearing thereon was held which resulted in continuance of defendant's detention pending preparation of written findings.

On May 9, a hearing was held to consider the violations of conditions of release imposed on March 24. According to a police officer's affidavit, defendant had contacted his brother and another person while on probation and was absent from his house in the nighttime, both express violations of his release conditions. Also, defendant had failed to report thrice weekly as required to his probation officer. As to the latter, defendant's probation officer testified that there were definite occasions, including a period of two weeks in a row, when defendant failed to report on the required days. The court found defendant in violation of his conditions of release and

further decided there were no release conditions that could be imposed to adequately protect the public. Consequently, the court ordered that defendant "shall not be bailable by sufficient sureties or cash in lieu thereof and not be released on conditions set forth in Title 13 Section 7554." Also on May 9, defendant was the subject of yet another pre-arraignment hearing, this time involving two counts of grand larceny arising out of incidents on December 26, 1974, in White River Junction, Vermont.

Defendant contends that the actions of the court on May 2, ordering him to the correctional center without bail, and the results of the May 9 hearing ordering him to be held without bail, are in violation of his right to bail under 13 V.S.A. § 7554 and under chapter II, section 32 of the Vermont Constitution. But this line of reasoning overlooks the fact that bail and conditions of release were granted to defendant on March 24, pending hearing of the first set of charges against him. When defendant subsequently breached his conditions of release, a conclusion amply supported by the record, he forfeited bail and was properly returned to custody. *See People* v. *Montgomery,* 135 Cal.App.2d 507, 287 P.2d 520 (1955); 8 C.J.S. Bail § 36(13), at 101.

We recognize a split of authority over whether or not bail may be revoked altogether after breach of conditions of release. Some jurisdictions have held that even though default on a prior bond has occurred in the same case, the court may not refuse bail, but may only impose additional conditions to insure presence at trial or to protect the public. *See, e.g., Wallace* v. *State,* 193 Tenn. 182, 245 S.W.2d 192 (1952); *contra, In re Lamar,* 294 F. 688 (D.C.N.J. 1924).

But 13 V.S.A. § 7554(a) allows release on conditions *unless* the court determines that the release will not reasonably insure appearance at trial, or that the release will constitute a danger to the public. Thus, under our statute, the court may properly refuse bail. The findings of fact of the May 9 hearing on violations of conditions of release amply support the court's judgment that the defendant's right to bail should be forfeited. Since defendant is rightfully confined for breaching conditions of release in the first action, there can be no valid charge that he is being held without bail for the addi-

tional charges brought against him on May 2 and May 9, 1975.

We would take this opportunity to correct any misimpression spawned by the court's findings and conclusions to the effect that defendant here is forever barred from bail. The case would, of course, be subject to some review if, for example, the first case of March 24 were to be dismissed or were an acquittal to result therefrom. Defendant would then be entitled to a review of the May 2 and May 9 offenses charged for purposes of deciding conditions of bail as to those actions. However, the defendant's record with respect to compliance with bail conditions would be a factor appropriate for consideration in determining his subsequent eligibility for bail, since the right to bail carries with it the concurrent duty to comply with the conditions assigned.

The lower court, in its conclusions of law, made reference to the constitutional phrase, "when the proof is evident or presumption great", appearing in chapter II, section 32 of the Vermont Constitution, apparently assigning its effect to the burden on the person seeking bail to establish entitlement. This is not the meaning this Court attaches to it, placing it rather as a standard for refusing bail in capital cases. However, in the light of the disposition of these matters, this error had no effect on the result, and requires no further action.

*The order of the District Court, Unit No. 6, Windsor Circuit, in Docket Number 625-75 WrCr, is treated as an order revoking bail, and, as such, is affirmed. Subject to the views expressed in this opinion, the confinement of the defendant in all three of the consolidated cases is sustained.*