**State of Vermont v. Richard D. Mecier**

[388 A.2d 435]

No. 137-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed July 6, 1978

*John S. Liccardi,* Rutland County State's Attorney, Rutland, for Plaintiff.

*James L. Morse,* Defender General, and *Charles S. Martin,* Appellate Defender, Montpelier; *Barry Griffith,* Rutland

County Public Defender, and *Steven R. Edelstein,* Rutland, for Defendant.

**Barney, C.J.** This is an appeal from a denial of bail. The defendant is charged with aggravated assault involving the shooting and wounding of his wife and daughter. At the time, his bail on a pending extortion charge, Docket No. 532-77 Rcr, had been revoked for violation of bail conditions.

A first bail hearing was held on the bringing of the assault charge, at which bail was denied on the grounds that "all conditions of release which would allow the defendant to be released on bail and still be a protection to the public" had already been exhausted. This conclusion was based on the several violations of conditions leading to revocation of bail in the extortion case, and on the heavy weight of evidence against the accused in the assault case.

The defendant then filed a motion for release on personal recognizance which was heard by a second judge. Bail was again denied based on the same findings as in the first hearing, plus additional evidence in the form of letters from the defendant to his wife requesting that she "lie so the Judge will let me out." The wife did not appear or testify.

The judge also put in his order that one of the violations of the conditions of bail in the extortion case related to his deliberate disregard of the order of the court to stay away from one of the witnesses against him. The court was concerned that in the pending assault case it would be necessary to order the defendant to stay away from the wife he injured, and, having in mind his solicitation of her by letter, and his disregard of such an order in the extortion case, the defendant's violation of another such order could be expected.

The defendant entered a plea of insanity as one of his pleas in the assault case. As a result he was ordered to Waterbury State Hospital for observation. At the completion of that examination a new motion was filed on behalf of the defendant that he be admitted to bail.

A third district judge held that hearing and made findings. For the third time no bail or conditions of release were set. The previous proceedings were reviewed and their findings incorporated. Additionally, it was pointed out that the extortion

charge, although the State had suggested the possibility of dismissal, was still pending.

This judge also found that it was the defendant's proposal that he be released on his own recognizance and be allowed to live at home with his now ex-wife, one of the victims of the assault and the State's chief witness. It was the court's conclusion that this would affect the integrity of the case, in view of his attempts to influence her conduct already noted.

This case is illustrative of the conflict between the constitutional entitlement to bail and the public's concern that persons with apparently dangerous propensities should be allowed to be unconfined. But the constitutional provision for bail is a necessary corollary to our constitutional concept that persons may be imprisoned only after proper conviction of crime. Anticipatory confinement or preventive detention, as it is sometimes referred to, is obstructed by Chapter II, section 40, of the Vermont Constitution.

■ The defendant complains that it was improper, in view of that constitutional provision, to deny him bail on the ground that he was a danger to the public, even though 13 V.S.A. § 7554 appears to authorize it. This issue was settled in accordance with the defendant's position by *State* v. *Pray,* 133 Vt. 537, 541, 346 A.2d 227 (1975). That case holds that a defendant cannot be entirely denied bail on the ground that his release would constitute a danger to the public. To do so is error.

■ 13 V.S.A. § 7554(b) lists the factors a court may take into consideration in making a bail decision. *State* v. *Pray, supra,* amends those considerations on a constitutional ground and eliminates the anticipatory test of danger to the public as a justification for refusing bail. But the other factors of 13 V.S.A. § 7554(b) still remain. These include the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of residence in the community, his record of convictions and his record of appearance or nonappearance at court proceedings or flight to avoid prosecution. Moreover, conditions in the nature of peace bond terms have a long his-

tory in our law. The purpose of referring to these factors in a bail proceeding is to find conditions of release appropriate to the circumstances of the accused concerned. Breach of the conditions do not inevitably require revocation of bail, but may, instead, lead to the imposition of more restrictive conditions.

■ There are breaches, such as flight or, as in the history of this case, activities threatening the integrity of the judicial process, that justify revocation of bail. *People ex rel. Hemingway* v. *Elrod*, 60 Ill. 2d 74, 79, 322 N.E.2d 837, 843 (1975); *State* v. *Dodson*, 556 S.W.2d 938, 946 (Mo. Ct. App. 1977); see *State* v. *Woodmansee*, 132 Vt. 558, 560, 326 A.2d 172 (1974); *State* v. *Woodmansee*, 131 Vt. 22, 23, 298 A.2d 814 (1972).

However, as was said in *State* v. *Churchill*, 133 Vt. 338, 341, 341 A.2d 22 (1975), such revocation of bail does not necessarily forever disqualify the accused for bail. The situation here is a parallel to the *Churchill* case. In that case the accused was in custody for breach of bail conditions on a previous charge when the issue of bail on a second charge came up. In the case before us, as in the *Churchill* case, if the earlier extortion case is dismissed or the defendant is acquitted of the charge, the defendant is then entitled to an immediate review of his bail situation with respect to the present charge. The court then involved would have the usual duty to make every effort to resolve the bail application in favor of some sort of release, no more restrictive than necessary, having in mind the authority to impose varying conditions, in combination, if appropriate, as authorized by 13 V.S.A. § 7554(a). Failure to abide by the restrictions will support review of the conditions of release with the prospect of increased restriction or even full revocation.

■ In view of the defendant's bail history and the proper concern for the integrity of the judicial process, the lower court correctly rejected the proposition advanced by the defendant that he be released to live at home with the prosecuting witness. However, to refuse to consider other conditions of release and rest denial of bail on the ground of danger to

the public requires reversal. *State* v. *Cyr,* 134 Vt. 460, 365 A.2d 969 (1976).

The defendant complains that the charge in the extortion case still persists in spite of a statement by the prosecutor that he anticipated dismissing it. Entirely based on the prosecutor's failure to order dismissal and now expressed intent to follow through on prosecution, the defendant argues that this is evidence of prosecutorial vindictiveness sufficient to invoke the doctrine of *Bordenkircher* v. *Hayes,* 434 U.S. 357 (1978). We disagree. That case turned on the use of threats of heavier prosecution to force a plea of guilty. No threats intended to induce any waivers or concessions from the defendant are shown to be involved here. Nothing by way of evidence has been made to appear to take this situation beyond the presumptively valid exercise of prosecutorial discretion with respect to the decision to prosecute or not.

*The denial of bail is reversed. Let the issue of bail in this case stand for hearing immediately upon the defendant's release from confinement in lieu of bail by reason of acquittal or dismissal of the charges in Docket No. 532-77 Rcr, District Court, Unit 1, Rutland Circuit.*