*In re* E. H., JR., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* E. H., JR., Respondent-Appellant.)

Fourth District    No. 15555

Opinion filed November 28, 1979.

Richard J. Wilson and David Bergschneider, both of State Appellate Defender's Office, of Springfield, and Joseph Colussi, law student, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Marc D. Towler, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Respondent, a minor, appeals from an order of the circuit court of Champaign County, Illinois, declaring a forfeiture of his bail bond (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 110—7(h)) and the $7,500 judgment entered thereon.

From the record it appears that on June 22, 1978, respondent, at age 16, was adjudicated a delinquent, made a ward of the court, and committed to the Illinois Department of Corrections. The trial court granted the respondent's motion for bond pending appeal and set it in the amount of $7,500. Among the conditions of bond was that respondent not "violate any criminal law of the State of Illinois, or any ordinance of any municipality of said State." Bond was posted and the respondent was released. On November 5, 1978, respondent was arrested for aggravated battery and disorderly conduct. While being booked at the police station, the respondent bolted out of the booking room and ran down a hallway to the station door at which point he was apprehended. At the subsequent adjudicatory hearing held on December 15, 1978, the respondent was acquitted on the charges of aggravated battery and disorderly conduct, but was found to have committed misdemeanor escape. (Ill. Rev. Stat. 1977, ch. 38, par. 31—6(c).) The respondent was adjudicated delinquent and again committed to the Department of Corrections.

On January 12, 1979, the State moved this court to revoke the appeal bond and forfeit the money deposited. We remanded the State's motion and the respondent's objections to the circuit court for decision. On February 9, 1979, a hearing was held wherein the trial court ruled that section 110—7(h) of the Code of Criminal Procedure of 1963 (Ill. Rev.

Stat., 1978 Supp., ch. 38, par. 110—7(h)) authorizes forfeiture of bond where the person on bail commits a criminal offense while on bond. After hearing testimony, the court declared the bond forfeited. On February 14, 1979, the court entered judgment for $7,500 and ordered that the $750 deposit be applied to the judgment.

The central issue in this case involves the interpretation to be given section 110—7(h) which provides:

"(h) If the accused does not comply with the conditions of the bail bond the court having jurisdiction shall enter an order declaring the bail to be forfeited. Notice of such order of forfeiture shall be mailed forthwith to the accused at his last known address. If the accused does not appear and surrender to the court having jurisdiction within 30 days from the date of the forfeiture or within such period satisfy the court that appearance and surrender by the accused is impossible and without his fault the court shall enter judgment for the State if the charge for which the bond was given was a felony or misdemeanor, or if the charge was quasi-criminal or traffic, judgment for the political subdivision of the State which prosecuted the case, against the accused for the amount of the bail and costs of the court proceedings. The deposit made in accordance with paragraph (a) shall be applied to the payment of costs. If any amount of such deposit remains after the payment of costs it shall be applied to payment of the judgment and transferred to the treasury of the municipal corporation wherein the bond was taken if the offense was a violation of any penal ordinance of a political subdivision of this State, or to the treasury of the county wherein the bond was taken if the offense was a violation of any penal statute of this State. The balance of the judgment may be enforced and collected in the same manner as a judgment entered in a civil action." Ill. Rev. Stat., 1978 Supp., ch. 38, par. 110—7(h).

The State argues that the cited provision mandates a bond forfeiture when any bond condition is violated. The State further argues that the second and third sentences of this section should be applicable only when a defendant has failed to appear. The State contends that forfeiture is a necessary sanction for punishment of defendants who violate bond conditions.

Such an interpretation of section 110—7(h) does violence to the plain language. The State has not cited nor have we found any reported Illinois cases which have allowed a forfeiture for any reason other than a defendant's failure to appear. This is certainly an indication that forfeiture is not a usual means of punishing a defendant who violates other bail conditions. Moreover, application of the State's interpretation leads to

extreme results. For example, the bail condition in the present case prohibited the respondent from violating "any criminal law of the State of Illinois or any ordinance of any municipality of said State." Accepting the State's position, a defendant out on $200,000 bond must have his bond forfeited and a $200,000 judgment entered against him even if he is guilty of only a traffic violation. This would be absurd and clearly not the purpose of the bail forfeiture statute.

■■■ We hold that section 110—7(h) does not authorize a forfeiture (as distinguished from modification or revocation) of bond for the violation of any bond condition other than a defendant's failure to make a timely appearance in a designated court.

■■ Beyond the question of statutory authorization, this court has the duty to see that the rights of minors are adequately protected, and we are bound to notice substantial irregularities even though they are not expressly presented. (*Muscarello v. Peterson* (1960), 20 Ill. 2d 548, 170 N.E.2d 564; *Frederick v. Ziegler Coal Co.* (1978), 56 Ill. App. 3d 888, 372 N.E.2d 730.) In this regard, we view with concern the entry of a $7,500 judgment against a 16-year-old minor for whom a guardian ad litem was not appointed. The general rule is that if the record does not affirmatively show representation by a guardian ad litem, a judgment against a minor is voidable and must be reversed. *Skaggs v. Industrial Com.* (1939), 371 Ill. 535, 21 N.E.2d 731.

In *City of Danville v. Clark* (1976), 63 Ill. 2d 408, 348 N.E.2d 844, *cert. denied* (1977), 429 U.S. 899, 50 L. Ed. 2d 184, 97 S. Ct. 266, the supreme court held that appointment of a guardian ad litem was not necessary where the judgment was based on a municipal ordinance violation. However, that case may be distinguished from the instant case both as to the statutory origin of the judgment and the amount of money involved. Because of our ruling on the first issue, a ruling on this point is unnecessary. We deem it sufficient to draw attention to the problem.

In light of the foregoing, we reverse the judgment on the bond forfeiture and order that the $750 deposit, minus 10 percent administrative expense, be returned.

Reversed.

MILLS and TRAPP, JJ., concur.