### State of Vermont v. Anthony D. Cardinal

[520 A.2d 984]

No. 86-506

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed November 26, 1986

*Melissa A. Dempf*, Chittenden County Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Kenneth L. Geduldig*, Burlington, for Defendant-Appellant.

**Hill, J.** This is an appeal under 13 V.S.A. § 7556(b) and V.R.A.P. 9(a) from a bail order of the trial court forfeiting the defendant's originally posted bail and imposing additional $250,000 bail. Defendant contends that the trial court erred by ordering forfeiture of the $15,000 cash bail initially posted by defendant, and by imposing the additional bail, after finding he had breached the original conditions of release. We vacate the trial court's order forfeiting bail, and modify that part of the trial court's order setting bail at $250,000.

Defendant was arraigned on a charge of sexual assault, 13 V.S.A. § 3252, on September 4, 1986. At that time, the trial court ordered the defendant released on several conditions, including the requirement that he not be charged with or have probable cause found for a felony, a crime against a person, or an offense like sexual assault, and that defendant execute a bail bond of $10,000 with sufficient sureties, or deposit cash of $10,000 in lieu of the bond.

On September 11, 1986, the district court issued a relief from abuse order prohibiting defendant from having any contact with W. C., the alleged victim of the sexual assault charge from September 4. On September 15, 1986, defendant was arraigned on a violation of probation imposed prior to the September 4 charge. The defendant was again ordered released on conditions, including an additional $5,000 cash bail.

On September 19, 1986, defendant was arrested and arraigned on two additional charges: violation of the relief from abuse order issued on September 11, 15 V.S.A. § 1108, and obstruction of justice, 13 V.S.A. § 3015. The basis of these additional charges were allegations that defendant had spoken to W. C. by telephone and threatened her with bodily injury or death if she continued to press the sexual assault charges.

On the basis of testimony taken at the September 19 arraignment, the trial court found that defendant had violated condition number three of the original bail order (defendant not to be charged or probable cause found on a felony or other crime against the person). The court, on the basis of this finding, set bail and conditions of release concurrently on all charges, including the requirement that defendant execute a bail bond with sufficient sureties, or deposit cash, in the amount of $250,000.

On October 2, 1986, a hearing was held on defendant's motion to reduce bail and the State's motion to forfeit the original $15,000 cash bail posted. At the close of this hearing, the court ordered that bail and other conditions of release remain unchanged. In addition, the court ordered forfeiture of the $15,000 previously posted by defendant on the basis of his violation of condition three of the original release conditions.

■ We first address the propriety of the forfeiture of the $15,000 cash bail for breach of conditions of release other than an appearance condition. Unlike the federal[1] and some state jurisdictions,[2] neither our statutes nor our rules of court grant authority to trial courts to order forfeiture of cash bail for breach of condi-

---

[1] See Fed. R. Crim. P. 46(e)(1); *Brown* v. *United States*, 410 F.2d 212, 216 (5th Cir. 1969) (Federal Bail Reform Act, 18 U.S.C. §§ 3146-3152, does not preclude forfeiture of cash bail for breach of conditions other than appearance conditions as allowed by Fed. R. Crim. P. 46(e)(1)).

[2] See, e.g., *Bridges* v. *Superior Court*, 121 R.I. 101, 105 n.3, 396 A.2d 97, 99-100 n.3 (1978) (interpreting R.I. Super. R. Crim. P. 46(g) to allow forfeiture of cash bail for breach of conditions other than an appearance condition).

tions of release. This Court has not had the opportunity to address this precise question,[3] so our analysis begins with first principles.

■ The United States Supreme Court has established that the sole constitutionally legitimate purpose of monetary conditions of release is to provide "additional assurance of the presence of an accused." *Stack* v. *Boyle*, 342 U.S. 1, 5 (1951); see also ABA Standards For Criminal Justice, Pretrial Release Std. 10-5.4(b) (2d ed. 1980) ("The sole purpose of monetary conditions is to assure the defendant's appearance."). This principle is consistent with the policy underlying our bail statutes which allow the imposition of various conditions of release, including monetary ones, for the purpose of "reasonably [assuring] the appearance of the person at trial." 13 V.S.A. § 7554(a). See also *State* v. *Pray*, 133 Vt. 537, 541, 346 A.2d 227, 229 (1975) ("The purpose of bail, as presently constitutionally mandated, is to assure the defendant's attendance in court . . . .").

■ Clearly, forfeiture of cash bail for breach of conditions other than an appearance condition transforms monetary bail from a guarantor of appearance into a potentially punitive tool useful in the enforcement of all bail conditions. The purpose of forfeiture, however, is not to punish, but rather to assure that the defendant will appear at court when required. *Allegheny Mutual Casualty Co.* v. *State*, 35 Md. App. 55, 57-58, 368 A.2d 1032, 1034 (1977). Moreover, the State has provided no authority, nor have we discovered any, to support the forfeiture of bail, in the absence of express statutory authorization, for breach of conditions other than an appearance condition.[4]

---

[3] The State argues that *State* v. *Churchill*, 133 Vt. 338, 341 A.2d 22 (1975), supports the trial court's forfeiture order. We held in *Churchill* that under 13 V.S.A. § 7554(a), the trial court had the authority to revoke the right to bail where the defendant had violated multiple conditions of release. *Id.* at 340, 341 A.2d at 23. *Churchill*, however, did not involve breach of an appearance condition, or the forfeiture of cash bail, and is therefore not dispositive on the issue presented by the instant case.

[4] The State relies on three Rhode Island cases to support its position: *In re Procaccianti*, 475 A.2d 211, 212 (R.I. 1984); *Bridges* v. *Superior Court, supra*, 121 R.I. at 105 n.3, 396 A.2d at 99-100 n.3, and *Mello* v. *Superior Court*, 117 R.I. 578, 583, 370 A.2d 1262, 1264 (1977). These cases, however, all upheld forfeiture of cash bail for breach of bail conditions on the basis of R.I. Super. R. Crim. P. 46(g), which expressly directs courts to forfeit bail for breach of bail conditions. *Shabazz* v. *State*, 440 So. 2d 1200 (Ala. Crim. App. 1983), does not support the

■ In this case, the court ordered forfeiture on the basis of the breach of a condition prohibiting certain types of future criminal conduct. There was no allegation that the defendant had failed to appear before the court as required by the original bail order. Under these circumstances, we hold that the trial court could not order forfeiture of defendant's previously posted cash bail. *In re E.H.*, 78 Ill. App. 3d 854, 857, 397 N.E.2d 571, 573 (1979) (Illinois bail statutes do not allow "forfeiture (as distinguished from modification or revocation) of bond for the violation of any bond condition other than a defendant's failure to make a timely appearance in a designated court.").

■ We recognize that cases like this, where a defendant has demonstrated a strong propensity to disregard the orders of the trial court, and where the victim's safety has been threatened by the defendant's conduct, present difficult problems for the trial court in fashioning appropriate conditions of release. Nevertheless, punitive forfeiture of cash bail, originally imposed as a means of assuring defendant's appearance at court, is not the appropriate method of enforcing other conditions of release. Consistent with the principle that courts have the duty "to make every effort to resolve the bail application in favor of some sort of release, . . ." *State* v. *Mecier*, 136 Vt. 336, 339, 388 A.2d 435, 438 (1978), a court can take steps, other than forfeiture of cash bail, to enforce its bail orders. If a defendant violates conditions of release other than an appearance condition, a court can impose increasingly more restrictive conditions, *id.*, as well as revoke the right to bail altogether, if the court determines that no conditions of release will assure the defendant's appearance at trial, *State* v. *Churchill*, 133 Vt. 338, 340, 341 A.2d 22, 23 (1975), or that the defendant's breach of bail conditions constitute a threat to "the integrity of the judicial process." *Mecier, supra*, 136 Vt. at 339, 388 A.2d at 438.

Defendant also argues that the $250,000 bail set by the trial court was excessive. The evidence presented at the hearing on the motion to reduce bail, as disclosed by the limited record available in this bail appeal, was that defendant is a lifelong resident of Vermont who has a wife and four children living in Underhill,

State's position because it holds that a court cannot revoke the right to bail for breach of an appearance condition, *id.* at 1202, and does not address the issue of forfeiture of cash bail.

466

Vermont. In addition, defendant has been employed by the same company for seventeen years and is the sole source of income for his family. Defendant's prior criminal record consisted of two misdemeanor convictions for which he received a suspended sentence and probation.

■ The standard which governs our review in this type of case is that the order appealed from "shall be affirmed if it is supported by the proceedings below." 13 V.S.A. § 7556(b); *State* v. *Parda*, 142 Vt. 261, 262, 455 A.2d 323, 324 (1982). After analyzing the evidence in conjunction with the factors set forth in 13 V.S.A. § 7554(b), we conclude that the court's $250,000 bail condition is not supported by the evidence.

Nevertheless, defendant now stands charged with not only the original sexual assault, but one additional felony charge and one additional misdemeanor charge. Under these circumstances, a greater risk of nonappearance is present, and a greater monetary condition of release is justified than that originally imposed for the sexual assault charge alone.

*The order forfeiting defendant's posted bail of $15,000 is vacated; condition 10 of the September 19, 1986 conditional release order setting bail at $250,000 is vacated, but all other conditions of release are retained; defendant shall execute a bail bond with sufficient sureties, or deposit cash in the amount of $25,000. The mandate shall issue forthwith.*