VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.    22-AP-344

## ENTRY ORDER

DECEMBER TERM,   2022

State of Vermont v. Kip Scanlon AKA Kivela*

}
}
}
}
}
}
}

APPEALED FROM:

Superior Court, Chittenden Unit,
Criminal Division
CASE NO. 22-CR-04641
Trial Judge: Alison S. Arms

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the criminal division's July 2022 denial of his motion to approve a responsible adult and December 2022 denial of his motion to reconsider that decision.* He argues that the criminal division abused its discretion in denying his request to place him in the custody of a proposed individual who would serve as a responsible adult to oversee his conditions of release, asserting that the proposed individual meets the statutory standard as expressed through ordinary-meaning definitions. He additionally argues that the criminal division did not have the authority in December to amend the conditions of release imposed in July by imposing $1500 in bail. I disagree as to the former and affirm the criminal division's denial of defendant's request to designate the proposed individual as a responsible adult but remand to the criminal division to consider defendant's financial resources before imposing bail.

Defendant is charged with felony aggravated assault pursuant to 13 V.S.A. § 1024(a)(1), misdemeanor interference with access to emergency services pursuant to 13 V.S.A. § 1031, and misdemeanor criminal threatening pursuant to 13 V.S.A. § 1702(a) stemming from the same incident. The complainant alleged the following facts in a sworn statement.

In the afternoon of May 31, 2022, defendant banged on the door to the complainant's residence and pushed his way into her bedroom when she opened the door. The complainant asked defendant about a prior incident in which he allegedly assaulted another woman, stating,

---

* Defendant filed a self-represented document with the Court during the pendency of this matter. He is represented in this appeal, and all issues properly before us were raised by his counsel.

"the girl said you tried to kill her." Defendant replied, "yeah I did and apparently I should have" and "you know what, I should probably kill you." He then grabbed her by her throat, threw her down, and strangled her by wrapping his hands around her neck and beginning to cut off her air supply. The complainant states that she was afraid for her life and was able to strike defendant in the face to get him off her. Defendant then took the complainant's cell phone to prevent her from calling law enforcement, stating, "I am not going to get out of the doorway because I know you are going to call the cops and I should just kill you." After the complainant pushed defendant out of the bedroom and locked the door, defendant yelled, "I'm going to kill her."

The State initially moved to hold defendant without bail pursuant to 13 V.S.A. § 7553a, noting that defendant's criminal history includes multiple convictions for assaultive crimes, and that at the time of the alleged incident, he was under court-ordered conditions of release to not engage in violent or threatening behavior. The State additionally noted that defendant has had multiple charges of absconding from parole supervision in New York State. Defendant was held without bail at his arraignment until approximately three weeks later when the State filed a stipulated motion to impose conditions of release.

Following a hearing on the stipulated motion, the criminal division in June imposed several conditions of release, including the following language: "You are released into the custody of a Responsible Adult upon approval by the Court, after hearing." The other conditions of release included: prohibiting defendant from having contact with the complainant or coming within 500 feet of her, her residence, her motor vehicle, and her place of employment or school; coming to court when he is told; providing updated contact information to his attorney and the court clerk; abiding by a twenty-four-hour curfew at a residence approved by the court; and not buying, having, or using any firearms or dangerous or deadly weapons.

In July, defendant offered a proposed responsible adult under the conditions of release. The criminal division held a hearing, at which the proposed individual testified. It denied the proposal on the record, stating that the proposed individual's willingness to supervise defendant and the relationship between defendant and the proposed individual were insufficient to reasonably protect the public. The court acknowledged that "[t]he duties of a responsible adult are largely undefined in Vermont statutory and case law" and that the proposed individual met the requirements of knowing defendant for some time, not having a criminal record, not having firearms in the house, and being willing to report any known violations of defendant's conditions of release to law enforcement. However, the criminal division determined that the statutory language requires more than these minimum requirements, namely a showing that the proposed responsible adult can protect the public from further potential violence by defendant.

Defendant filed a motion to reconsider the denial of the proposed individual as a responsible adult under the conditions of release, arguing that it effectively resulted in defendant being held without bail. In December, the criminal division held a hearing on the motion where neither party offered additional evidence and subsequently denied the motion in a written order. The criminal division noted the grounds that it had stated on the record in the July hearing and provided additional reasoning, including the following.

Defendant was under conditions of release in another matter, including a twenty-four-hour curfew in his residence, when he allegedly committed the assault in this case. The proposed

2

individual testified that he lives in an apartment building but did not provide evidence about the size, number of units, or security of the building, nor whether defendant would have access to any common areas there. The criminal division expressed "grave concerns about defendant residing in the proposed individual's apartment and whether the proposed individual's supervision there can reasonably protect the public."

The criminal division pointed to case law from this Court to address defendant's concerns about the non-enumerated standards a proposed responsible adult must meet. It also expressed a willingness to reconsider the proposed individual as a responsible adult "upon the presentation of additional evidence concerning the safety and security of the proposed individual's apartment and building, and further testimony from the proposed individual concerning his ability to supervise defendant within the building." The court further indicated that the residence would need to be approved by the Department of Corrections (DOC) for a program of home detention pursuant to 13 V.S.A. § 7554b before it would accept the proposed individual as the responsible adult. The criminal division amended the original bail order pursuant to 13 V.S.A. § 7554(e) and set bail for $1500 to assure defendant's appearance in court in consideration of defendant's specific risk of flight due to four failures-to-appear in his criminal record. Finally, the criminal division ordered DOC to "prepare a report 'determining that the proposed residence is suitable for the use of electronic monitoring.' "

Defendant appeals from both the July denial and the December order denying the proposed individual as a responsible adult and imposing bail in the amount of $1500.

An appeal from an order imposing or amending conditions of release is heard by a single Justice of this Court. 13 V.S.A. § 7556(b). The order "shall be affirmed if it is supported by the proceedings below." Id. This Court will therefore "reverse only if the court has abused its discretion." State v. Bailey, 2017 VT 18, ¶ 9, 204 Vt. 294.

I first address the criminal division's two denials of the proposed individual as the responsible adult. Under 13 V.S.A. § 7554(a)(2), the criminal division may impose conditions of release to "reasonably ensure protection of the public," including "[p]lac[ing] the defendant in the custody of a designated person or organization agreeing to supervise him." The criminal division and both parties acknowledge that there is no precedential case law explicitly outlining what conditions a "designated person"—or in the language of the conditions of release, "responsible adult"—must meet. Defendant relies upon two single-Justice entry orders that are distinguishable from the facts of this case. See State v. Sweet, No. 2018-295, 2018 WL 4830457 (Vt. Sept. 27, 2018) (unpub. mem.) [https://perma.cc/G5RV-AEXU]; State v. Cassinell, No. 2021-187, 2021 WL 4101704 (Vt. Sept. 3, 2021) (unpub. mem.) [https://perma.cc/HS65-BDBN].

In Sweet, the defendant was charged with first-degree aggravated domestic assault, unlawful mischief, resisting arrest, disorderly conduct, and domestic assault arising out of an incident with the mother of his child, and he had three failures to appear in his record as well as a conviction in Connecticut for violating the terms of his probation. The defendant proposed that he live with his sister and her family in a different county than the one in which the complainant lived. The defendant's sister testified that she and her husband owned their home, in which there was an extra bedroom for the defendant, owned their own property-maintenance business, had no criminal record, had no alcohol in the house, and locked their firearms in a safe where the

defendant would not have access. She further testified that the defendant had previously lived with them four or five times, that they would report any violations to law enforcement, that the defendant had previously lived with them while on conditions of release with no violations, that the defendant had gone to work with her husband when previously residing with them, and that the defendant had never displayed any violence to her or her family. Upon de novo review, this Court determined that the State had not proven by clear and convincing evidence that any threat of violence could not be reasonably prevented by having the defendant reside with and be supervised by his sister and her family. Sweet, 2018 WL 4830457 *2.

In Cassinell, the defendant was charged with two counts of first-degree aggravated domestic assault, interference with access to emergency services, and disturbing the peace using a telephone. The defendant proposed two responsible adults who were denied by the court before proposing a third, a friend of his. DOC personnel visited the friend's home and approved home detention there. The DOC report indicated that the defendant would be placed on both GPS and SCRAM monitoring but noted that law enforcement response times were still slower than usual due to the COVID-19 pandemic. The defendant's friend testified at a hearing that she understood the conditions of release and that she was retired and therefore usually at home and able to monitor the defendant. She testified that she did not have a criminal history, did not take any medication, did not keep alcohol or firearms in her home, and would keep the key to her car in her purse and not allow the defendant to access the key. She further provided testimony about her property, including that her home was surrounded by a six or seven-foot-high fence, her home had a security system that sent an alert to her phone if anybody was in the front yard, and her property encompassed approximately three-quarters of an acre. The friend also testified that she did not know some of the details about the allegations against the defendant but that she knew he was charged with threatening the complainant with a weapon, and that she understood it was a big responsibility to supervise him and would immediately notify law enforcement if he violated a condition of release.

The criminal division in Cassinell denied the friend as a responsible adult, pointing to her lack of knowledge of specific allegations in the case and to the DOC report's acknowledgement of slow law enforcement response. On appeal to a single justice, this Court found the denial of the friend as a responsible adult to be an abuse of discretion, noting that the former finding was not supported by the record and that the latter was offset by the fact that the friend would serve as the primary and the DOC technologies as the secondary sources of supervision and monitoring. Cassinell, 2021 WL 4101704 *4.

Several key factual distinctions deserve note. Both responsible adults in these prior cases lived on standalone properties and provided detailed testimony about the living arrangements and safety precautions therein. In contrast, the proposed individual here lives in a shared apartment building, and defendant provided no evidence about the security of the specific unit in which the proposed individual lives or the building overall—including defendant's ability to access common areas like a hallway, mailroom, or laundry room where he might encounter other individuals or ingress and egress points such as ground-floor windows. Further, defendant is accused of having assaulted the complainant, his neighbor, in the very building in which he was confined while under conditions of release in another matter.

4

Unlike the defendant's sister in <u>Sweet</u>, here the proposed individual has never lived with or supervised defendant. And, unlike in <u>Cassinell</u>, there are not currently DOC tracking or monitoring technologies in place here as a secondary source of supervision. The record does not support the assertion that the proposed individual's supervision of defendant would reasonably protect the public, including the proposed individual's neighbors. I therefore conclude that the criminal division did not abuse its discretion in denying the proposed individual as a responsible adult and acknowledge the court's invitation for defendant to present further evidence on the proposed individual's living situation for reconsideration.

Turning to the criminal division's December imposition of bail, I start again with the governing statute. Section 7554(e) of Title 13 states: "A judicial officer ordering the release of a person on any condition specified in this section may at any time amend the order to impose additional or different conditions of release, provided that the provisions of [review of conditions] shall apply." Contrary to defendant's assertion that no judge other than the original may amend conditions of release, this statute provides no such distinction. However, a judicial officer may only "[u]pon consideration of the defendant's financial means[] require the execution of a secured appearance bond in a specific amount." 13 V.S.A. § 7554(a)(1)(D). This assessment of the defendant's "financial resources, including the accused's ability to post bail" is also required in the enumerated list of considerations that a judicial officer "shall take into account" in imposing conditions of release under 13 V.S.A. § 7554(b)(1).

The December order states that the criminal division "finds that the imposition of cash or surety bail is necessary to prevent risk of flight" in addition to the conditions of release that are necessary to prevent potential harm to the public. The June conditions of release and July denial on the record of the proposed individual as the responsible adult did not address risk of flight. There is nothing in the testimony from the December hearing or otherwise present in the record to suggest that the criminal division had before it any information regarding defendant's financial resources. Even though it is apparent that the criminal division imposed bail so that defendant could have access to the home detention program, the court was still required to engage in a 13 V.S.A. § 7554(b) analysis. I therefore remand for the criminal division to reconsider its decision taking these factors into account.

<u>Affirmed and remanded</u>.

FOR THE COURT:

_____
William D. Cohen, Associate Justice

5