VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        23-AP-340



# ENTRY ORDER

NOVEMBER TERM,   2023

State of Vermont v. William Farnsworth*          }      APPEALED FROM:
                                                 }      Superior Court, Chittenden Unit,
                                                 }      Criminal Division
                                                 }      CASE NO. 23-CR-08640
                                                        Trial Judge: A. Gregory Rainville

In the above-entitled cause, the Clerk will enter:

Defendant William Farnsworth appeals from the superior court's denial of his request to modify his conditions of release to remove Condition 4, requiring supervision by a court-approved responsible adult. He requests that this Court reverse the trial court's decision and hold either that the trial court abused its discretion in refusing to lift the condition or that the condition violates the Vermont Constitution. Because we find that the trial court's decision was supported by the proceedings, and because defendant did not raise his constitutional argument below, we affirm.

The State's probable cause affidavit alleges the following. On September 2, 2023, police responded to a domestic disturbance call at the alleged victim's residence, where defendant had recently been staying. The alleged victim told police that after a verbal dispute, defendant pinned her against a cabinet, squeezed her neck causing her vision to go blurry, and then punched her after she attempted to fight back. She also informed police that her two juvenile children, including her and defendant's nineteen-month-old child, were present in the house during the incident but were in a different room. Defendant denied the allegations, but told the officer that he would not leave willingly and intimated that he had previously fought with police officers.

Defendant was arrested and charged with one count of aggravated domestic assault in violation of 13 V.S.A. § 1043(a)(1). At defendant's September 5, 2023, arraignment, the court set several conditions of release, including restrictions on contact with the alleged victim, a twenty-four-hour curfew, and supervision by a court-approved responsible adult. Defendant remains incarcerated because he has been unable to identify a responsible adult to supervise his release.

At the time of his arrest, defendant was also on parole for an unrelated offense. Defendant's criminal record shows that he has previously been convicted of two felonies and fifteen misdemeanors, and that he has two failures to appear and four convictions for violations of court orders or conditions. As a result of the arrest, defendant was detained for an alleged parole violation. At the parole violation hearing on October 17, 2023, the parole board determined that

1

defendant would be released, pending a second hearing on November 1, 2023, which was later continued to December. The board imposed its own conditions on his release, including a twenty-four-hour curfew, release to an approved residence, and placement on GPS and SCRAM electronic monitoring devices. However, the parole board's conditions did not include a requirement for supervision by a court-approved responsible adult.

On October 18, 2023, defendant motioned the trial court to amend the conditions of release to remove the responsible adult condition. At the motion hearing held on October 20, 2023, defendant averred that he had a time-sensitive residence available through Pathways Vermont, that he would be subject to GPS and SCRAM alcohol monitoring under the parole board's order, and that he had retained a case manager at Therapeutic Works, Inc. to provide additional support. Because of the additional supervision provided by Therapeutic Works and the GPS and SCRAM monitoring, defendant argued that the responsible adult condition was no longer the least restrictive condition of release required by 13 V.S.A. § 7554(a)(2).

In an initial oral ruling, the court denied defendant's request to modify the conditions of release. The court reasoned that because of defendant's long history of "violent behavior and violations of probation and court orders," the responsible adult condition remained necessary. Defendant immediately appealed the denial to this Court.

The trial court then issued a written order on October 23, 2023, reiterating the denial of the motion and providing further rationale. The court concluded that defendant was a risk of flight because of his "lengthy criminal record, with several failures to appear and multiple violations of court orders." It also found that defendant was a danger to the community because "[h]e has accumulated approximately eight convictions for assaultive crimes, including several felony and over a dozen misdemeanor convictions." Because of defendant's "demonstrated penchant for refusing to comply with conditions and for engaging in violent behavior," the court reasoned that the responsible adult condition remained the "least restrictive means to mitigate the risk of flight and reasonably ensure the protection of the public." Defendant then filed a second notice of appeal on October 27, 2023, requesting that we consider both the oral and written decisions on the motion. We granted defendant's request and consolidated the two appeals.

In his appeal of the trial court's order, defendant makes two arguments. First, he contends that the imposition of a responsible adult condition on a defendant who has no suitable third party to fill the role amounts to an unconstitutional preventative detention. He further argues that he has been denied the rights available to those held without bail, including the right to a weight-of-the-evidence hearing. Second, he argues that the trial court abused its discretion in denying the requested amendment when he had put forth a well-developed, less restrictive alternative release plan.

As a preliminary matter, we decline to address defendant's first argument because it was not properly preserved before the trial court. To preserve an issue for appeal, a party must raise the issue with "specificity and clarity in a manner which gives the trial court a fair opportunity to rule on it." State v. Ben-Mont Corp., 163 Vt. 53, 61 (1994). "Failure to preserve issues below results in waiver, even of constitutional issues." Miller-Jenkins v. Miller-Jenkins, 2010 VT 98, ¶ 28, 189 Vt. 518. Defense counsel here conceded during argument that he did not directly raise the constitutional argument before the trial court, and the transcript confirms that there was no mention of the argument that the responsible adult condition violated the Vermont Constitution. The closest

2

defendant came to making this argument was counsel's statement that "we don't have a responsible adult to put forward today, and I'm not sure that we will be able to locate one." But this statement by itself did not raise the constitutional issue with "specificity and clarity" such that the trial court had "a fair opportunity to rule on it." Ben-Mont Corp., 163 Vt. at 61. Therefore, we decline to address this issue.

Second, we conclude that the trial court did not abuse its discretion in denying the amendment to the conditions of release. This Court reviews a trial court's decision regarding bail and conditions of release for abuse of discretion. State v. Hance, 2006 VT 97, ¶ 6, 180 Vt. 357. We will affirm an order denying amendment of conditions of release "if it is supported by the proceedings below." 13 V.S.A. § 7556(b); see State v. Bailey, 2017 VT 18, ¶ 6, 204 Vt. 294.

Vermont's bail statutes create a "starting presumption . . . [of] pretrial release on personal recognizance or an unsecured appearance bond." State v. Pratt, 2017 VT 9, ¶ 10, 204 Vt. 282; see 13 V.S.A. § 7554(a). However, where a court finds that these conditions will not "reasonably mitigate the risk of flight," it may impose the "least restrictive" condition or set of conditions that will reasonably achieve this goal. Id. § 7554(a)(1). In determining which conditions of release to impose, the court must consider the following factors:

> the nature and circumstances of the offense charged; the weight of the evidence against the accused; the accused's employment; financial resources, including the accused's ability to post bail; the accused's character and mental condition; the accused's length of residence in the community; and the accused's record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings.

Id. § 7554(b)(1). If the court further determines that the conditions imposed to mitigate the risk of flight will "not reasonably protect the public," it may additionally impose the "least restrictive" condition or conditions that will reasonably achieve that goal. Id. § 7554(a)(2). In making this determination, the court must take into account the same factors as listed above, as well as the defendant's family ties and record of convictions. Id. at § 7554(b)(2). The court may also consider the defendant's recent history of violence or threats of violence. Id.

We conclude that the trial court acted within its discretion in finding that the responsible adult condition remained the least restrictive condition to reasonably mitigate the risk of flight and protect the public. The court determined that defendant was a risk of flight, that the conditions imposed under 13 V.S.A. § 7554(a)(1) were insufficient to reasonably ensure protection of the public, and that the responsible adult condition was the least restrictive condition that would reasonably ensure protection of the public. In determining that defendant was a risk of flight, the trial court noted defendant's extensive criminal record, his failures to appear, his violations of court orders, his violations of probation, and the crime that he was charged with. And in determining that defendant posed a danger to the public, the court considered his prior convictions, including multiple violent offenses, his parole violations, and the alleged victim's expressed fear of retribution. Defendant does not identify additional factors that the court failed to consider.

The trial court also considered and rejected the alternative plan offered by defendant. The court found that GPS and SCRAM monitoring did not provide a sufficient substitute for monitoring

by a responsible adult. In making this determination, the court referenced a previous decision of this court in which we suggested that electronic monitoring provides less protection for the public than direct supervision. See State v. Labrecque, 2022 VT 6, ¶ 24, 216 Vt. 589. The court also noted that defendant's past violations have often involved the abuse of alcohol and concluded that, because alcohol is ubiquitous, there was a significant risk to the public absent direct supervision. We agree that direct supervision provides a somewhat greater level of security under these circumstances. And given the standard of review, we will not disturb the court's conclusion that this level of supervision remains the least restrictive means that will reasonably ensure protection of the public.

The trial court's findings were supported by the record and based on the statutory factors, and its conclusion was adequately supported by the proceedings below. It considered and rejected the alternative plan offered by defendant, finding that defendant's plan offered less protection to the public and that the original conditions of release remained the least restrictive means that would reasonably ensure protection of the public. The court therefore did not abuse its discretion in denying defendant's request for relief.

Affirmed.

FOR THE COURT:

_____
Paul L. Reiber, Chief Justice

4